Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff



FILED
CLERK, U.S. DISTRICT COURT

FEB 1 0 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

STAR FABRICS, INC., a California Corporation,

Plaintiff,

v.

J.C. PENNEY CORPORATION, INC., a Delaware Corporation; APPAREWAY, INC., a California corporation; JAYA APPAREL GROUP, LLC, a California Limited Liability Corporation; DUALSTAR ENTERTAINMENT, INC., a California Corporation; AMERICAN INT'L COMPANY, INC. a New York Corporation; ROSS STORES, INC. a California Corporation; BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey Corporation; REDCATS USA, INC. d/b/a ONESTOPPLUS.COM, a New York Corporation; ALIGHT COMPANY, INC. d/b/a ALIGHT.COM, a New York

Case No.: CV14-1019 BRO-Ex

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

AND

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT.

<u>Jury Trial Demanded</u>

1
COMPLAINT

Corporation; DEB SHOPS SDW, LLC, a Pennsylvania Corporation; SMILES FASHION CORPORATION, a New Jersey Corporation; SUSIE'S DEALS, a California business entity of form unknown; and DOES 1 through 10,

Defendants.

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 East Walnut Street, Los Angeles, California 90011.

5.      Plaintiff is informed and believes and thereon alleges that Defendant J.C. PENNEY CORPORATION, INC. ("JC PENNEY") is a corporation organized and existing under the law of the state of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024, and is doing business in and with the state of California.

6.      Plaintiff is informed and believes and thereon alleges that Defendant

APPAREWAY, INC. ("APPAREWAY") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 4516 Loma Vista Ave., Vernon, CA 90058, and is doing business in and with the state of California.

7.    Plaintiff is informed and believes and thereon alleges that Defendant JAYA APPAREL GROUP, LLC ("JAYA") is a limited liability company organized and existing under the laws of the state of California, with its principal place of business located at 5175 Soto Street, Vernon, CA 90255, and is doing business in and with the state of California.

8.    Plaintiff is informed and believes and thereon alleges that Defendant DUALSTAR ENTERTAINMENT, INC. d/b/a "OLSENBOYE" ("OLSENBOYE") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 3760 Robertson Blvd., 12th Floor, Culver City, CA 90232, and is doing business in and with the state of California.

9.    Plaintiff is informed and believes and thereon alleges that Defendant AMERICAN INT'L COMPANY, INC. ("AMERICAN") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 1182 Broadway, New York, NY, 10001, and is doing business in and with the state of California.

10.    Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 4440 Rosewood Drive, Pleasanton, CA, and is doing business in and with the state of California.

11.    Plaintiff is informed and believes and thereon alleges that Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION ("BURLINGTON") is a corporation organized and existing under the laws of the state of New Jersey,

with its principal place of business located at 1830 Route 130 North, Burlington, NJ 08016, and is doing business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant REDCATS USA, INC. d/b//a "ONESTOPPLUS.COM" ("REDCATS") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 463 Seventh Avenue, 22nd Floor, New York, NY 10018, and is doing business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant ALIGHT COMPANY, INC. d/b/a "ALIGHT.COM" ("ALIGHT") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 300 Woodbury Road, 2nd Floor, Woodbury, NY, 11797, and is doing business in and with the state of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant DEB SHOPS SDW, LLC ("DEB SHOPS") is a limited liability company organized and existing under the laws of the state of Pennsylvania, with its principal place of business located at 9401 Blue Grass Road, Philadelphia, PA, 19114, and is doing business in and with the state of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant SMILES FASHION CORPORATION ("SMILES") is a corporation organized and existing under the laws of the state of New Jersey, with its principal place of business located at 555 Secaucus Road, Secaucus, New Jersey 07094, and is doing business in and with the state of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant SUSIE'S DEALS is a California business entity of form unknown, with its principal place of business located at 700 E. Jefferson Blvd., Los Angeles, CA 90011, and is doing business in and with the state of California.

17. Plaintiff is informed and believes and thereon alleges that some of

Defendants DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

18. Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

19. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 40050

20.     Plaintiff is and at all relevant times was the exclusive owner of an original two-dimensional artwork used for purposes of textile printing entitled 40050 ("Subject Design A").

21.     Plaintiff applied for and received a United States Copyright Registration for Subject Design A.

22.     Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

23.     Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design A, APPAREWAY, JAYA, JC PENNEY, OLSENBOYE, DOE Defendants, and each of them, without Plaintiff's authorization, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design A (hereinafter "Subject Product A").

24.     Subject Product A include but are not limited to garments sold by JC PENNEY under SKU 663245974705 and/or Style Nos. OB1086TSKQ and OB1099DSKQ and bearing the label "Olsenboye."

25.     From the comparison of Subject Design A and an exemplar of Subject Product A set forth below, it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar.

///

///

///

| **Subject Design A** | **Subject Product A** |

 

26. Plaintiff is informed and believes that Subject Product A was provided to JC PENNEY by JAYA, who purchased and/or obtained Subject Product A from APPAREWAY.

## CLAIMS RELATED TO DESIGN NO. 65667

27. Plaintiff is and at all relevant times was the exclusive owner of an original two-dimensional artwork used for purposes of textile printing entitled 65667 ("Subject Design B").

28. Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

29. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

30.     Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design B, JC PENNEY, DOE Defendants, and each of them, without Plaintiff's authorization, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design B (hereinafter "Subject Product B").

31.     Subject Product B includes but is not limited to garments sold by JC PENNEY under SKU Nos. 762-6365-0323, 762-6365-0109, 982-5385-0224, and 982-5385-0026 and bearing the label "a.n.a. A NEW APPROACH" and RN 93677, indicating that it was manufactured by or for JC PENNEY.

32.     From the comparison of Subject Design B and an exemplar of Subject Product B set forth below, it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar.

| **Subject Design B** | **Subject Product B** |
|---|---|
|  |  |

## CLAIMS RELATED TO DESIGN NO. 41254

33.    Plaintiff is and at all relevant times was the exclusive owner of an original two-dimensional artwork used for purposes of textile printing entitled 41254 ("Subject Design C").

34.    Plaintiff applied for and received a United States Copyright Registration for Subject Design C.

35.    Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

36. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, AMERICAN INT'L, ROSS, JC PENNEY, BURLINGTON, ONESTOPPLUS, ALIGHT, DEB SHOPS, SMILES, SUSIE'S DEALS, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to Subject Design C (hereinafter "Subject Product C"). Said garments include but are not limited to garment sold by:

   a.  ROSS under SKU No. 400067106774 and bearing RN 53237, which indicate that they were manufactured by or for AMERICAN;

   b.  JC PENNEY under SKU No. 224-0309 and bearing RN 532237, which indicates that they were manufactured by or for AMERICAN;

   c.  BURLINGTON under SKU No. 619-83367087 and bearing RN 53237, which indicates that they were manufactured by or for AMERICAN;

   d.  ONESTOPPLUS under Style No. 76080 and/or Item No. 8855-72670-6855 and bearing RN 53237, which indicates that they were manufactured by or for AMERICAN;

   e.  ALIGHT under SKU No. 129-70620 and bearing RN 53237, which

indicates that they were manufactured by or for AMERICAN;

    f.    DEB SHOPS under SKU No. 400002530381 and/or STYLE Nos. AD38788 and AD38788PL; and

    g.    SUSIE'S DEALS under SKU No. 2002872139 and bearing the label "Hypnotik."

37. From the comparison of Subject Design C and an exemplar of Subject Product C set forth below, it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar.

| **Subject Design C** | **Subject Product C** |
|:---:|:---:|
|  |  |

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

38. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the paragraphs hereinabove.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, Subject Design B, and/or Subject Design C (collectively, "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

40. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Product A, Subject Product B, and/or Subject Product C (collectively, "Subject Product") through a nationwide network of retail stores, catalogues, and through on-line websites.

42. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

43. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

44. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to the infringement of Subject Designs in an amount to be established at trial.

45. Plaintiff is informed and believes and thereon alleges that Defendants acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement –

Against All Defendants, and Each)

46. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the paragraphs hereinabove.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and

profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Designs as alleged herein.

48. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

49. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

50. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendants' infringement of Subject Designs, in an amount to be established at trial.

51. Plaintiff is informed and believes and thereon alleges that Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of One Hundred Fifty

Thousand Dollars ($150,000.00) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

<u>With Respect to Each Claim for Relief</u>

a.     That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

b.     That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.     That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d.     That Plaintiff be awarded pre-judgment interest as allowed by law;

e.     That Plaintiff be awarded the costs of this action; and

f.     That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 7, 2014           DONIGER/BURROUGHS

By:                            
Stephen M. Doniger, Esq.
Annie Aboulian, Esq.
Attorneys for Plaintiff
STAR FABRICS, INC.

# UNITED STATES DISTRICT COURT

### for the

## Central District of California

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| J.C. PENNEY CORPORATION, INC., a Delaware Corporation; [See attached "Schedule A"] | ) CV14-1019 BRO-Ex |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* See attached "Schedule A"

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Stephen M. Doniger, Esq
DONIGER/BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, CA 90230

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:    FEB 1 0 2014          _____
                                        *Signature of Clerk or Deputy Clerk*

1184

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

1184

## "SCHEDULE A"

STAR FABRICS, INC., a California Corporation,

Plaintiff,

v.

J.C. PENNEY CORPORATION, INC., a Delaware Corporation; APPAREWAY, INC., a California corporation; JAYA APPAREL GROUP, LLC, a California Limited Liability Corporation; DUALSTAR ENTERTAINMENT, INC., a California Corporation; AMERICAN INT'L COMPANY, INC. a New York Corporation; ROSS STORES, INC. a California Corporation; BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey Corporation; REDCATS USA, INC. d/b/a ONESTOPPLUS.COM, a New York Corporation; ALIGHT COMPANY, INC. d/b/a ALIGHT.COM, a New York Corporation; DEB SHOPS SDW, LLC, a Pennsylvania Corporation; SMILES FASHION CORPORATION, a New Jersey Corporation; SUSIE'S DEALS, a California business entity of form unknown; and DOES 1 through 10,

Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

STAR FABRICS, INC.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

J.C. PENNEY CORPORATION, INC.; et. al.

**(b) County of Residence of First Listed Plaintiff**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Stephen M. Doniger (SBN 179314)     Scott A. Burroughs (SBN 235718)
DONIGER/BURROUGHS APC              300 Corporate Pointe, Suite 355
Tel. (310) 590-1820                Culver City, CA 90230

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Copyright Act of 1976 Title 17 U.S.C. Sect. 101 et. seq.- Action for misappropriation of Plaintiff's two-dimensional artwork used in the textile industry.

---

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:**     Case Number:     CV14-1019

CV-71 (11/13)     **CIVIL COVER SHEET**     Page 1 of 3

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  DATE:  2/7/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Beverly Reid O'Connell_____ and the assigned

Magistrate Judge is _____Charles F. Eick_____ .

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-01019 BRO-Ex

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____February 10, 2014_____

Date

By  SBOURGEOIS

Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---